United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ENRIQUE NETRO SALAZAR JR., § § Plaintiff, § § VS. § § MIDFIRST BANK, FSB, and JERRY PEREZ, AS A SUBSTITUTE TRUSTEE, § § § § Defendants. § | CIVIL ACTION NO. 7:23-cv-00090 |

## **OPINION**

The Court now considers Defendant MidFirst Bank's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff is presumed to prosecute this case pro se since no attorney filed a notice of appearance by the Court's deadline.[2] Pro se Plaintiff did not respond to the instant motion, so by operation of the Local Rules, the motion is unopposed.[3] After duly considering the record and relevant authorities, the Court **GRANTS** the motion and **DISMISSES** the case **WITH PREJUDICE**.

### I. BACKGROUND

This is a preemptive foreclosure lawsuit. Plaintiff filed suit in state court against Defendant Jerry Perez as substitute trustee on March 6, 2023, to prevent a foreclosure sale of property scheduled for March 7, 2023.[4] In Plaintiff's original petition, he alleges that he was not provided

---

[1] Dkt. No. 4.
[2] Set at Dkt. No. 5.
[3] L.R. 7.4.
[4] Dkt. No. 1-4 at 3, ¶ IV.D.

1

notice of default and acceleration as required by the Texas Property Code.[5] He requests relief in the form of a temporary restraining order ("TRO"), damages, and attorney's fees.[6]

The state court granted Plaintiff's application for a TRO and scheduled a hearing for March 21, 2023.[7] Defendant MidFirst Bank, FSB ("MidFirst") intervened and removed the case to this Court on March 20, 2023.[8] Plaintiff's counsel in state court—Juan Angel Guerra—is not licensed to practice before this Court, so the Court gave Plaintiff a deadline for new counsel to make an appearance or else proceed pro se.[9] No attorney made an appearance for Plaintiff. MidFirst now moves to dismiss the case for failure to state a claim upon which relief can be granted.[10]

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff is an individual living in Texas,[11] and is therefore a citizen of Texas.[12] MidFirst, the owner of the mortgage,[13] is a federally chartered saving association with its main office in Oklahoma[14] and is therefore a citizen of Oklahoma.[15]

The Court is satisfied that Defendant Jerry Perez, as substitute trustee, is improperly joined and thus his Texas citizenship does not destroy complete diversity. "Improper joinder can be established by the showing of either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[16]

---

[5] *Id.* at ¶ VII.
[6] *Id.* at ¶ IX.
[7] Dkt. No. 1-3.
[8] Dkt. No. 1.
[9] Dkt. No. 5.
[10] Dkt. No. 4.
[11] Dkt. No. 1-4 at 1, ¶ II.
[12] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).
[13] Dkt. No. 4-2.
[14] Dkt. No. 1 at 3, ¶ 12.
[15] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).
[16] *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017).

Generally, "where there [is] no allegation of intentional fraud or bad faith by the substitute trustee, the substitute trustee [is] improperly joined."[17] Here, Plaintiff does not allege that the substitute trustee took any action at all, only that Perez was one of 24 possible substitute trustees that could be appointed to oversee the foreclosure sale.[18] "In cases where the substitute trustee took no action, [district courts in the Fifth Circuit have] found improper joinder."[19]

As to the amount in controversy, Plaintiff seeks to prevent a foreclosure,[20] and the amount in this suit is measured by the value of the object of the litigation, the home,[21] which the Court notes is listed in the Hidalgo County Central Appraisal District as having an appraised value of $189,191.[22] Accordingly, the Court agrees with Defendant that jurisdiction is proper under 28 U.S.C. § 1332.[23]

### B. Legal standard

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[24] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[25] Courts first disregard from their analysis any conclusory allegations as not entitled to the assumption of truth,[26] but regard well-pled facts as true, viewing them in the light most favorable to the plaintiff.[27] Courts then undertake the "context-specific" task of determining

---

[17] *See Darlington v. Specialized Loan Servicing, LLC*, No. 1:18-CV-674-LY-ML, 2019 U.S. Dist. LEXIS 177661, at *10 (W.D. Tex. 2019) (citing *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 277-78 (5th Cir. 2014)).
[18] Dkt. No. 1-4 at 4, ¶ V.
[19] *Sanchez v. Bank of Am., N.A.*, No. SA-13-CA-87, 2013 U.S. Dist. LEXIS 184303, at *6 (W.D. Tex. 2013) (collecting cases).
[20] Dkt. No. 1-4.
[21] *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009).
[22] Dkt. No. 1-6.
[23] Dkt. No. 1.
[24] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[25] *Twombly*, 550 U.S. at 555.
[26] *See id.* at 678–79.
[27] *Id.*

whether the remaining well-pled allegations give rise to an entitlement to relief that is plausible, rather than merely possible or conceivable.[28]

### C. Analysis

Plaintiff's sole claim appears to be based on notice deficiencies. He pleads that "[f]rom information and belief, Defendant['s demand/breach letter] did not comply with the requirements pursuant to the Texas Property Code."[29] MidFirst's motion generously construes this pleading in two ways—as a breach of contract claim and as a claim under the Texas Property Code—and attacks both claims.

First, if Plaintiff's pleading is construed as alleging a breach of the mortgage agreement and/or deed of trust, the claim would fail because Plaintiff has not alleged that he performed under the contract. In Texas, "[a] plaintiff asserting a breach-of-contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach."[30] Plaintiff has not alleged that element (2) is met: that he was not in default. In fact, he admits that he "requested Defendants to allow [him] to pay the arrears."[31] Because Plaintiff does not dispute his own default, dismissal of the imputed breach of contract claim is proper.[32]

Second, if Plaintiff's pleading is construed as alleging a violation of the notice requirements in the Texas Property Code, the claim would also fail. Neither the original petition nor any subsequent filings indicate that a foreclosure sale has actually taken place. Defendants

---

[28] *See id.* at 679–80.
[29] Dkt. No. 1-4 at 4-5, ¶ VII.
[30] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).
[31] Dkt. No. 1-4 at 3, ¶ IV.E.
[32] *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016).

correctly point out that Texas Property Code § 51.002 does not provide an independent cause of action because it does not "contain its own enforcement mechanism."[33] Rather, "federal courts have construed claims under Section 51.002 to be wrongful foreclosure claims."[34] But there is no wrongful foreclosure claim where no foreclosure has taken place, as is the case here.[35]

### III.   HOLDING

For the foregoing reasons, MidFirst's motion to dismiss is **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**. Plaintiff's requests for damages and attorney's fees are dependent on the other claims, and therefore are **DISMISSED** as well. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of April 2023.

_____
Micaela Alvarez
United States District Judge

---

[33] *See e.g.*, *Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013).
[34] *Id.* (citing *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *7–8 (S.D. Tex. June 6, 2012); *Bittinger v. Wells Fargo Bank NA*, 2011 WL 3568206, at *4–5 (S.D. Tex. Aug. 15, 2011)).
[35] *See Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) ("Failure to comply with Texas Property Code §§ 51.002 (b) and (d) does not provide Plaintiff with a cause of action prior to an actual foreclosure sale.") (citing *Crucci v. Seterus, Inc.*, 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013)); *see also Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (citing *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013)) ("A party cannot 'state a viable claim for wrongful foreclosure' if the party 'never lost possession of the Property.'").